RECEIVED
IN ALEXANDRIA, LA
SEP 2 5 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| CHAD MIERS | CIVIL ACTION |
|---|---|
| Appellant | NO. 07-1859 |

VERSUS

| MICHAEL J. ASTRUE | JUDGE JAMES T. TRIMBLE, JR. |
|---|---|
| COMMISSIONER OF SOCIAL SECURITY | MAGISTRATE JUDGE JAMES D. KIRK |
| Appellee | |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Chad Miers ("Miers") filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on or about November 9, 2004 alleging a disability onset date of March 30, 2004 (R. 69-73, 167-169). The applications were denied January 4, 2005 and Miers filed a request for hearing on February 23, 2005 (R. 21-25). A hearing originally scheduled on August 9, 2006 was rescheduled so Miers could retain an attorney and update his medical records (R. 172-177). The rescheduled hearing was held via video teleconference on March 12, 2007 before Harry Williams, Administrative Law Judge ("ALJ") and Miers, his attorney, Steven Stefanski, and Vocational Expert Mansell Wilkinson attended (R. 178-192).

The ALJ issued a decision dated June 6, 2007 in which he found Miers not disabled under sections 216(1), 223(d) and 1614(a)(3)(A) of the Social Security Act (R. 12-19). Miers filed a request for

review with the Appeals Council on July 25, 2007 (R. 7-8). The request was denied on September 4, 2007 and the ALJ's decision became the final decision of the Commissioner of Social Security ("the Commissioner") as of that date (R. 4-6).

To qualify for SSI and/or DIB, a claimant must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. 1381(a). Eligibility is dependent upon disability, income and other financial resources. 42 U.S.C. 1382(a). To establish disability, a claimant must demonstrate a medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve (12) months. Claimant must also show that the impairment precludes performance of the work previously done, or any other kind of substantial gainful employment that exists in the national economy. 42 U.S.C. 1382(a)(3).

## SUMMARY OF PERTINENT FACTS

At the time of the hearing, Miers was 34 years old (R. 182). He complained of constant pain in his neck and back as well as numbness in his legs and arm due to degenerative disk disease (R. 181, 186). Miers testified that he hurt his back attempting to lift an antique beam while working as a carpenter (R. 183-185).

Miers sought treatment for his back problems from Dr. William E. Kortum from May 5, 2005 through at least January 22, 2007 (R. 161, 163). According to a letter provided by Dr. Kortum dated

March 2, 2007, Miers suffered from mild degeneration in his lumbar spine with an arthritic component and had some disc bulging, without nerve involvement or stenosis, in his cervical spine. His diagnosis was based upon the examination of magnetic resonance imaging (MRI) taken of Miers' lumbar and cervical spine in 2004 which he provided to Dr. Kortum.

Dr. Kortum further stated in his letter that he recommended, on numerous occasions, that Miers obtain an orthopedic evaluation and new MRIs of his cervical and lumbar spine. Additionally, he suggested Miers consider surgery. Miers testified that he had not refused surgery but preferred to continue conservative management. Miers further testified that he no longer sought treatment from Dr. Kortum due to the expense; however, he intended to seek treatment in Shreveport as Dr. Kortum recommended (R. 161, 185, 188).

Miers advised that when he took his prescribed medications, he was able "to do things". However, he could no longer afford the medication. While both Miers and Dr. Kortum indicated Miers' built up a tolerance to the pain medication and Dr. Kortum had cut back on his dosage, Dr. Kortum stated in his March 2, 2007 letter that there was nothing to indicate Miers was abusing narcotics (R. 161, 188).

Miers testified that from the time the MRIs of his cervical and lumber spine were taken in 2004 until the time of the hearing, his condition deteriorated. Specifically, he noted that he began

3

experiencing numbness in his legs which cause him to fall. Additionally, he experienced numbness in his right arm and tingling in his hand. This numbness occurred approximately two to three times a weak and rendered him bedridden (R. 186-187).

Notes taken by Dr. Kortum throughout the time he treated Miers indicate that Miers worked from November of 2006 through January of 2007, primarily laying tile. Additionally, Dr. Kortum noted on his follow-up patient evaluation form that he did not consider Miers disabled (R. 163-165).

The ALJ considered the entire record and found Miers had not been under a disability, as defined by the Social Security Act, from March 30, 2004 through the date of the decision, June 6, 2007(R. 19). In arriving at this conclusion, the ALJ reviewed, among other things, the medical evidence which indicated Miers had the following severe impairments: degenerative disc disease of the lumbar and cervical spine (R. 14). The ALJ also determined that the impairments, whether alone or in combination, met or equaled any of the Listings in 20 C.F.R. 404, Subpart P, Appendix 1 but specifically Listing 1.04 (R. 14).

The ALJ then considered all of Miers' symptoms, including pain, and evaluated the extent to which they were consistent with the objective medical evidence as well as the other evidence in the record as required by 20 C.F.R. §404.1529, 20 C.F.R. §416.929 and Social Security Rulings (SSR) 96-4p and 96-7. Additionally, the

ALJ considered opinion evidence in accordance with the requirements of 20 C.F.R. §404.1527, 20 C.F.R. §416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p. After much discussion of his finding, the ALJ ultimately concluded that Miers possessed the Residual Functional Capacity to perform a full range of sedentary and probably light work and a significant number of jobs existed in the national economy (R. 15-18). Therefore, he found Miers was not under a disability from the onset date of March 30, 2004 through the date of the decision (R. 19).

## Standard of Review

In considering Social Security appeals such as the one presently before the Court, the Court is limited by 42 U.S.C. §405(g) to a determination of whether substantial evidence exists in the record to support the Commissioner's decision and whether the decision comports with relevant legal standards. <u>McQueen v. Apfel</u>, 168 F.3d 152, 157 (5th Cir. 1999). For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion; it must be more than a scintilla but need not be a preponderance. <u>Falco v. Shalala</u>, 27 F.3d 160, 162 (5th Cir. 1994), citing <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 482 (1971). Finding substantial evidence does not involve a simple search of the record for isolated bits of evidence which support the Commissioner's decision but must include a scrutiny of the record as a whole.

A court reviewing the Commissioner's decision may not retry factual issues, re-weigh evidence, or substitute its judgment for that of the fact-finder. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987); Dellolio v. Heckler, 705 F.2d 123, 125 (5th Cir. 1983). The resolution of conflicting evidence and credibility choices are for the Commissioner and the ALJ, rather than the court. Allen v. Schweiker, 642 F.2d 799, 801 (5th Cir. 1981). Also, Anthony v. Sullivan, 954 F.2d 289, 295 (5th Cir. 1992). The court does have authority, however, to set aside factual findings which are not supported by substantial evidence and to correct errors of law. Dellolio, 705 F.2d at 125. But, to make a finding that substantial evidence does not exist, a court must conclude there is a "conspicuous absence of credible choices" or "no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340 (5th Cir. 1988); Dellolio, 705 F.2d at 125.

## Issues

Miers raises the following issues for judicial review on appeal:

1. The ALJ committed reversible error in misinterpreting the report and recommendations of the claimant's treating physician. Based on that misinterpretation, the ALJ disregarded Miers' complaints of substantial pain as a disabling factor; and

2. The ALJ erred in failing to address regulation 20 C.F.R. §404.1529 which provides guidance for evaluations of chronic pain syndrome.

## Treating Physician's Report

Miers contends that the ALJ erroneously concluded that Dr. Kortum's notations on his follow-up evaluation forms indicated Miers was not disabled and that the ALJ relied solely on this misinterpretation to discredit Miers' complaints of pain. Miers argues that Dr. Kortum could not have stated Miers was disabled on the follow-up evaluation forms because it contradicts statements made by Dr. Kortum in his March 2, 2007 letter.

In his decision, the ALJ stated:

> More important to this decision were the notes of the claimant's treating physician (Exhibit 4F) which consistently found the claimant was not disabled. This opinion is afforded considerable weight in this decision.

A review of the follow-up evaluation forms and letter indicate that substantial evidence supports the ALJ's finding that Dr. Kortum did not believe Miers was disabled. Opinions on ultimate issues, such as disability status under the regulations, are reserved exclusively to the ALJ. See 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1).

Regardless, the ALJ did not use this opinion as the sole reason for discrediting Miers complaints of pain. The ALJ also noted Miers testimony regarding his pain and ability to function with that pain both on and off of medication. He considered Miers complaints, his performance of household chores, his ability to work laying tile and his decision to forego further treatment. He weighed this evidence against the medical and other objective

7

evidence in the record regarding his medical condition and ultimately determined that while his medically determinable impairments might produce the alleged symptoms, the testimony regarding intensity, persistence and pace was not supported by that evidence.

A thorough review of the record indicates that substantial evidence supports the ALJ's finding with respect to all of these issues including his decision that Miers' allegations of substantial pain as a disabling factor are less than credible.

Evaluations of Chronic Pain Syndrome

Miers also contends the ALJ failed to properly evaluate his complaints of chronic pain syndrome as set forth in 20 C.F.R. §404.1529. Section five of the ALJ's decision specifically notes his duty to evaluate pain in accordance with the requirements of 20 C.F.R. §404.1529. Additionally, the ALJ sets forth the various factors which must be considered (R. 15-18).

A claimant's symptoms, including pain, will be determined to diminish a claimant's capacity for basic work activities to the extent that the claimant's alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. §404.1529(c)(4). Although severe pain can constitute a nonextertional impairment, pain is a disabling condition only when it is constant, unremitting and wholly unresponsive to therapeutic

treatment. . <u>Johnson v. Sullivan</u>, 894 F.2d 683, 685 (5th Cir. 1990); <u>Fraga v. Bowen</u>, 810 F.2d 1296, 1304 (5th Cir. 1987).

While pain can be severe enough to create a disabling condition, the evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ who has had an opportunity to observe whether the person seems to be disabled. <u>Elzy v. Railroad Retirement Bd.</u>, 782 F.2d 1223, 1225 (5th Cir. 1986); <u>Loya v. Heckler</u>, 707 F.2d 211, 215 (5th Cir. 1983). The ALJ's decision on the severity of pain is entitled to considerable judicial deference. <u>James v. Bowen</u>, 793 F.2d 702, 706 (5th Cir. 1986); <u>Jones v. Bowen</u>, 829 F.2d 524, 527 (5th Cir. 1987). Such a credibility determination is within the province of the ALJ. <u>Carrier v. Sullivan</u>, 944 F.2d 243, 247 (5th Cir. 1991); <u>Wren v. Sullivan</u>, 925 F.2d 123, 128-29 (5th Cir. 1991). Hence, the law requires the ALJ to make affirmative findings regarding a claimant's subjective complaints and articulate his reasons for rejecting any subjective complaints. <u>Falco v. Shalala</u>, 27 F.3d 162, 163-64 (5th Cir. 1994).

After specifically setting forth the factors he must consider in addition to the medical evidence when evaluating Miers' statements regarding his subjective symptoms, the ALJ considered those factors and set forth his findings. A relevant part of his findings, with respect to Miers' pain and credibility, provides:

> ... The claimant's allegations are not generally credible. He stated that he is unable to work and yet in

9

recent reports has been laying tile. He described extreme debilitating pain. Surely, if he were experiencing the degree of pain he alleges, not only would he be unable to work, he would be unable to perform the household chores he described above. He does take excessive amount [sic] of narcotics which his treating physician states have probably caused him to build a tolerance for those drugs. He has been advised to seek orthopedic evaluation and possible surgery but has refused. It would appear that if he were experiencing the degree of pain he alleges, he would seek any treatment method available to him. His allegations are only credible to the extent they are consistent with the residual functional capacity set out above....

Since the ALJ in this case has made the mandatory indication of the basis for his credibility choices concerning plaintiff's complaints, and since his choices are not unreasonable, his finding that Miers' pain would not prevent him from performing work is proper. Carry v. Heckler, 750 F.2d 479, 485-86 (5th Cir. 1985). Substantial evidence supports the Commissioner's conclusion that Miers is not disabled by pain.

## Conclusion

After review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. §405(g), I find there is substantial evidence in the record as a whole to support the Commissioner's decision and that the Commissioner's decision comports with all relevant legal standards. Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992).

Accordingly, IT IS RECOMMENDED that Miers' appeal be DENIED WITH PREJUDICE.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond too another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING AN APPEAL ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 25th day of September, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE